**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry Lee STEWARD, Defendant–**
**Appellant.**

**No. 08–50257.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2009.

Filed Aug. 24, 2009.

---

David L. Katz, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Errol Henry Stambler, Esquire, Law Offices of Errol H. Stambler, P.L.C., Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON and THOMPSON, Circuit Judges, and FOGEL \*, District Judge.

## MEMORANDUM \*\*

Terry Lee Steward ("Steward") appeals from the district court's pre-trial order to involuntarily medicate him in order to render him competent to stand trial. Steward is charged with threatening to assault and threatening to murder two United States judges with the intent to impede, intimidate, interfere with, and retaliate against them while they were engaged in, and on account of, the performance of their official duties. 18 U.S.C. § 115(a). The district court's order was appealable as a collateral order, and we have jurisdiction pursuant to 28 U.S.C. § 1291. *Sell v. United States*, 539 U.S. 166, 176–77, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003).

Steward argues that the district court erred when it concluded, under the first *Sell* factor, that the Government's interest in prosecution was sufficiently important to permit him to be involuntarily medicated and rendered competent to stand trial. *Sell*, 539 U.S. at 180, 123 S.Ct. 2174 (stating that "a court must find that *important* governmental interests are at stake" before issuing an order permitting the Government to involuntarily medicate a criminal defendant to render him competent to stand trial. (emphasis in the original)).[1] We "review the district court's determinations with regard to the first *Sell* factor de novo." *United States v. Hernandez–Vasquez*, 513 F.3d 908, 915–16 (9th Cir.2008).

"The Government's interest in bringing to trial an individual accused of a serious crime is important." *Sell*, 539 U.S. at 180, 123 S.Ct. 2174. "Courts ... must consider the facts of the individual case in evaluating the Government's interest in prosecution." *Id.* We have held that the starting point in analyzing the seriousness of the crime is the likely sentencing guidelines range, although that is not the only factor to be considered. *Hernandez–Vasquez*, 513 F.3d at 919. Furthermore, "[s]pecial circumstances may lessen the importance of [the Government's] interest." *Sell*, 539

---

\* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The three remaining *Sell* factors require the trial court to find: (1) "that involuntary medication will *significantly further* those concomitant state interests"; *id.* at 181, 123 S.Ct. 2174, (2) "that involuntary medication is *necessary* to further those interests"; *id.*, and (3) "that administration of the drugs is *medically appropriate, i.e.,* in the patient's best medical interest in light of his medical condition." *Id.* (emphases in the original). Steward does not appeal the district court's findings with regard to these three factors.

U.S. at 180, 123 S.Ct. 2174. Such special circumstances include the possibility that if the defendant does not voluntarily submit to medication, he would be civilly confined, thereby "diminish[ing] the risks that ordinarily attach to freeing without punishment one who has committed a serious crime." *Id.* The "possibility that the defendant has already been confined for a significant amount of time" is another special circumstance that is appropriate for the court to consider. *Id.; see also Hernandez–Vasquez,* 513 F.3d at 918 (*citing Sell* and explaining that relevant circumstances to be considered in evaluating the Government's interest in prosecution include "the time a defendant has served while awaiting trial and the possibility of future civil confinement.")

Taking into consideration the individual circumstances of this case, we affirm the finding of the district court that important governmental interests in prosecution exist. *Sell,* 539 U.S. at 180, 123 S.Ct. 2174. The undisputed advisory guidelines range is thirty-three to forty-one months, which is not insubstantial. We also recognize that the nature of the offense is severe, and that evidence shows a substantial possibility that Steward would likely not meet the criteria for civil commitment. [ER 27, 139] Hence, "the risks that ordinarily attach to freeing without punishment one who has committed a serious crime" would not be diminished in this case. *Sell,* 539 U.S. at 180, 123 S.Ct. 2174. We recognize that Steward has spent a considerable amount of time in pre-trial detention, a factor which weighs against the Government interest in prosecution. We agree with the district court, however, that in this case the amount of time Steward has spent in detention does not lessen the importance of the Government's interest in prosecution. *See Sell,* 539 U.S. at 180, 123 S.Ct. 2174. On the facts presented here, the charged crimes are serious, and the Government has an important interest in prosecution.

AFFIRMED.